IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| RYAN McCOOL, | § | |
| | § | No. 185, 2014 |
| Defendant Below, | § | |
| Appellant, | § | Court Below–Superior Court |
| | § | of the State of Delaware in |
| v. | § | and for New Castle County |
| | § | |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | Cr. ID No. 1204015893 |
| Appellee. | § | |

Submitted: October 10, 2014
Decided: November 18, 2014

Before **HOLLAND**, **RIDGELY** and **VALIHURA**, Justices.

**O R D E R**

This 18th day of November 2014, upon consideration of the appellant's brief filed under Supreme Court Rule 26(c), his defense counsel's motion to withdraw, and the State's response, it appears to the Court that:

(1)    On November 20, 2013, a Superior Court jury found the appellant, Ryan McCool, guilty of Aggravated Menacing, Possession of a Deadly Weapon During the Commission of a Felony ("PDWDCF"), and Disorderly Conduct. On March 14, 2014, after a presentence investigation, the Superior Court sentenced McCool as follows. For PDWDCF, the court imposed two years at Level V. For Aggravated Menacing, the court

imposed five years at Level V suspended for two years at Level IV suspended after six months for one year at Level II. For Disorderly Conduct, the court imposed a $575 fine of which $575 was suspended. This is McCool's direct appeal.

(2) On appeal, McCool's defense counsel has filed a brief and a motion to withdraw under Supreme Court Rule 26(c) ("Rule 26(c)").[1] Defense counsel asserts that, based upon a complete and careful examination of the record, there are no arguably appealable issues. Also, defense counsel reports that McCool did not submit any points for the Court's consideration.[2] The State has moved to affirm the Superior Court's judgment.

(3) When reviewing a motion to withdraw and an accompanying brief under Rule 26(c), the Court must be satisfied that the appellant's defense counsel has made a conscientious examination of the record and the law for arguable claims.[3] The Court must also conduct its own review of the record and determine whether the appeal is so totally devoid of at least

---

[1] *See* Del. Supr. Ct. R. 26(c) (governing criminal appeals without merit).

[2] The record reflects that defense counsel provided McCool, as required, with a copy of the motion to withdraw, the brief in draft form and appendix, and a copy of the trial transcript, with a letter explaining that McCool had a right to submit written points for the Court's consideration. *Id.*

[3] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 442 (1988); *Anders v. California*, 386 U.S. 738, 744 (1967).

arguably appealable issues that it can be decided without an adversary presentation.[4]

(4) The Court has reviewed the record in this case and has concluded that McCool's appeal is wholly without merit and devoid of any arguably appealable issue. We are satisfied that McCool's defense counsel made a conscientious effort to examine the record and the law and properly determined that McCool could not raise a meritorious claim on appeal.

NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED. The motion to withdraw is moot.

BY THE COURT:

/s/ Henry duPont Ridgely
Justice

---

[4] *Id.*